RECEIVED
USDC CLERK, CHARLESTON, SC
2005 AUG 26  P 2:58

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Lee Brown, #56822-004, | ) C/A No. 2:05-2288-DCN-RSC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Henry M. Herlong, U.S. District Court Judge;<br>E. Jean Howard, Assistant U.S. Attorney;<br>J. Strom Thurmond, Jr., U.S. Attorney; and<br>U.S. of America Government Dept. of Justice, | ) |
| Defendant(s). | ) |

This is a civil rights action filed *pro se* by a federal convict currently housed in a local detention center.[1] Plaintiff was convicted of bank robbery and firearms charges in this Court following a jury trial in United States v. Brown, Criminal Action No. 7:04-00027-HMH-ALL. His direct appeal of that conviction is currently pending before the Fourth Circuit Court of Appeals in Brown v. United States, Case no. 04-4871.

In the Complaint filed in this case, Plaintiff requests millions of dollars in compensatory and punitive damages for alleged civil rights violations from the United States District Court Judge who tried his bank robbery/firearms case, the federal prosecutor who tried the case and her supervisor, the United States Attorney for the District of South Carolina, and from the United States Government, Department of Justice. Plaintiff alleges that he was subjected to discrimination and prejudice during the prosecution and trial. Particularly, Plaintiff contends that his civil rights were violated by an amendment to the indictment that was allowed, and that the trial judge made biased and prejudicial comments. Plaintiff's claims are frivolous and subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. See also 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Plaintiff cannot recover damages from the United States District Judge who presided over his criminal case based on actions taken by the judge in connection with his judicial duties in the case. It is well settled that a judge is entitled to immunity from such claims for damages from disgruntled litigants. *See* Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has

2

long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); Burns v. Reed, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). The things that Plaintiff alleges Judge Herlong did to violate Plaintiff's rights all occurred in connection with his performance of his judicial duties in Criminal Action No. 7:04-00027-HMH-ALL. As a result, he is entitled to immunity from Plaintiff's claims, and this case is subject to summary dismissal as to Defendant Herlong.

The Complaint is also subject to summary dismissal as to Defendants Howard and Thurmond because they are entitled to immunity from the claims asserted by Plaintiff under the doctrine of prosecutorial immunity. Federal and state prosecutors have absolute immunity from actions seeking damages based on the prosecutor's professional activities in judicial proceedings. Because prosecutors cannot be sued for damages based on their participation in judicial proceedings such as a criminal trial, and because Plaintiff's claims against Defendants Howard and Thurmond are based on things that they did in connection with their legal representation of the United States in his criminal trial, the Complaint filed by Plaintiff is subject to summary dismissal as to these two Defendants. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991); Hart v. Jefferson County, 1995 WL 399619 (D.Ore., June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity).

Plaintiff's damage claim against the Department of Justice is also subject to summary dismissal. The United States cannot be sued without its express consent, and express consent

3

is a prerequisite to a suit against the United States. See United States v. Mitchell, 463 U.S. 206, 212 (1983). A lawsuit against the Department of Justice, an agency of the United States Government, is, in effect, a suit as the United States itself. The United States has not consented to suit *except* under the Federal Tort Claims Act (FTCA). See Gilbert v. Da Grossa, 756 F.2d 1455, 1458 (9th Cir. 1985). *Cf.* Hawaii v. Gordon, 373 U.S. 57, 58 (1963). Although the FTCA waives the sovereign immunity of the United States in certain situations, litigants must strictly comply with the requirements of the FTCA. See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979). For example, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a federal district court under the Federal Tort Claims Act. Administrative claims under the Federal Tort Claims Act must be filed on a Standard Form 95, which is promulgated by the United States Department of Justice. The Complaint filed in this case contains no indication that Plaintiff has timely submitted a claim to the Department of Justice on the Standard Form. In absence of allegations showing compliance with the FTCA's conditions precedent, Plaintiff's Complaint fails to state a viable FTCA claim and are subject to summary dismissal under the doctrine of sovereign immunity.

Finally, even if all of Plaintiff's claims against all four Defendants were not barred by various immunity doctrines, this case would still be subject to summary dismissal without prejudice and without service on all Defendants because Plaintiff cannot recover damages for constitutional violations that occurred during his criminal case as long as the convictions obtained in that case remain valid. With respect to § 1983 actions such as the present one alleging constitutional violations and/or other improprieties in connection with criminal charges, the United States Supreme Court has written:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been

4

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(Heck generally applies where search and seizure issues are raised); [2] Woods v. Candela, 47 F.3d 545 (2d Cir.1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D. Ill. 1995); Seaton v. Kato, 1995 WL 88956 (N.D. Ill., February 28, 1995); Smith v. Holtz, 879 F. Supp. 435 (M.D. Pa. 1995).

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Even so, the limitations period for such a civil rights action will not begin to run until the cause of action accrues; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. See Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 830 & n. 3 (D. N.J. 1996)(following Heck v. Humphrey and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); Snyder v. City of Alexandria, 870 F. Supp. 672, 685-88 (E.D. Va. 1994). Although Heck involved

---

[2] See also Booker v. Kelly, 888 F. Supp. 869 (N.D. Ill. 1995); Perkins v. Orr, No. 9:04-835-08, 2004 WL 3217867, *3+ (D.S.C. Jul 01, 2004) (unpublished opinion).

state criminal charges, its holding is also applicable in civil rights suit against federal officials and entities such as Defendants in this case. See Ruff v. Runyon, 258 F.3d 498 (6th Cir. 2001); Williams v. Hill, 74 F.3d 1339 (D.C. Cir. 1996); Stephenson v. Reno, 28 F.3d 26 (5th Cir. 1994); Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994); Williams v. Hill, 878 F.Supp. 269, 272 (D. D.C. 1995)("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his Bivens action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."). Since Plaintiff has not yet been successful in his attempts to have his federal conviction set aside, he cannot sue any of the Defendants for damages because of their involvement in the prosecution and trial of the federal charges of which he was convicted.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Since Plaintiff seeks monetary damages in this case and all Defendants in this case are immune from suit, 28 U.S.C. § 1915A(b)(2) is applicable in this case. Additionally, several courts have held that a dismissal under Heck constitutes a "strike" under 28 U.S.C. § 1915(e)(2) and (g). See Luedtke v. Bertrand, 32 F.Supp.2d 1074 (E.D. Wis.1999); Sandles v. Randa, 945 F. Supp. 169 (E.D. Wis. 1996); *see also* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); Grant v. Sotelo,

1998 WL 740826 (N.D. Tex.1998). **Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).**

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

August 26, 2005
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. See Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); see also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *** We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

8